Bland, Chancellor.
Ordered, that the petitioners be, and they are hereby permitted to come in as plaintiffs and creditors in this case, as prayed; subject to all legal objections that may be made against their claims. And it is further Ordered, that Rezin Hammond, the trustee, be, and he is hereby directed and required to make report to this court of the proceedings had under the said decree for the sale of the real estate of the late Basil Brown. And it is further Ordered, that the said trustee proceed to make sale of so much more of the. said real estate as, in addition to the sales heretofore made, will be sufficient to discharge all the claims that have been exhibited against the said estate.
On the 9th of August, 1826, Samuel Vansant and Mary Ann his wife, filed their petition, alleging that she was another of the children of Mary Marriott, and as such a legatee under the will of the late William Hammond. In other respects the matter, statements, and prayer of this petition were similar to that of Marriott and Shipley„ On the 25th of January, 1827, Marriott and Shipley filed another petition, alleging that the trustee had made a report of the proceedings under the decree, but had taken no steps for a sale; and praying- that he might be ordered to proceed to sell without delay; and, in respect to the great lapse of time, that the sale might be for cash ; which was on the next day ordered accordingly. On the 6th of March following, they filed a third petition, in which they allege, that a copy of their last-petition, and the order thereon, had been served on the trustee, but that, as they verily believed, he had taken no steps to sell the lands, and that he did not intend to execute his trust. Whereupon they prayed, that *413 he might be removed, and another trustee appointed in his place. And accordingly, by an order of the 8th of the same month, he •was removed, and Nicholas Brewer, jun’r, appointed in his stead, who gave bond, and proceeded to execute the trust.
But on the 16th of April, 1826, Thomas I. Stockett and Clarissa his wife, filed their petition, in which they stated, that Clarissa was one of the children of the late Basil and Henrietta Brown ; and, as such, was entitled to one-eighth part of the sum bequeathed by the late William Hammond to Henrietta, and also to. one-eighth part of the real estate of the late Basil; and they objected to any further sale being made of the'real estate of the late Basil as prayed by the petitioners Marriott- and Shipley, and Vansant and wife; first, because, their claims were not brought in within the time limited by the notice to the creditors of the late Basil; and his creditors, who had come in according to that notice, having been satisfied, a partition of the residue of his real estate had been, long since, made among his heirs, of whom Clarissa was one: secondly, because the personal estate left by the late Basil was sufficient to pay all his debts, if it had been properly administered; but it had been wasted; and the administrator alone was now liable to these claimants : and thirdly, because the late Basil ought not to be charged with these claims, since, although he sold the real estate of the late William Hammond, he had not received the purchase money, which, in fact, had been received by his administrator, 'Matthias Hammond. The petitioners further statéd, that the trustee, Nicholas Brewer¡ had advertised the real estate of the late Basil Brown for sale, which would take place in a few days. Whereupon they prayed, that the sale might be suspended; that the claims might be rejected ; and that they might have such relief as the nature of their case required, &c.
20th April, 1827. — Bland, Chancellor. — Ordered, thatthematter of the aforegoing petition be heard on the eighteenth day of May next, or earlier with the consent of parties; and that depositions in relation thereto, taken before the commissioners appointed to take testimony in the city of Annapolis or before any justice of the peace elsewhere, on giving three days’ notice as usual, be read in evidence on the hearing. And it is further ordered, as prayed, that the said Nicholas Brewer, jun’r, the trustee, suspend all further proceedings until further order: Provided, that a copy of this order be served on the said trustee, and also on the former petitioners Eli Marriott and Cornelius Shipley and Sarah his wife, and Samuel *414 Vansant and Mary Ann his wife, or their solicitors on or before the twenty-third instant.
After which the matter was brought before the court, and having been discussed by the solicitors of the parties, the case was informally referred to the auditor for the purpose of stating accounts upon the principles assumed by the respective parties. But, as they could not agree as to some points deemed important, the case was again submitted to the Chancellor for his instructions upon the following questions:
“ Can the heirs at law of Brown, in this stage of the proceedings, impeach the correctness of the administration accounts ? Are those accounts to be presumed correct until the contrary is shewn by the heirs at law, or are the petitioning creditors bound - in the first instance to prove the correctness of said' accounts ? Can those accounts be opened for the purpose of charging interest on balances in the hands of the administrators at any time prior to the passing of the final account?”
6th July, 1827.- — -Bland, Chancellor. — The decree for a sale, having been founded upon the fact of the insufficiency of the deceased’s personal estate to pay his debts, has necessarily established that point. Therefore the correctness of the administrator’s accounts cannot now be impeached by the heir for the purpose of turning any creditor, who comes in after that decree, away from the pursuit of the real assets under it, to seek payment out of the personal assets. This general expression of his opinion, the Chancellor conceives, will be a sufficient answer to the three questions submitted. But if the solicitors have other views, or wish for more special directions, the Chancellor would rather hear them first.
Whereupon it is ordered, that this case be and the same is hereby referred to the auditor with directions to state air account accordingly, or such other accounts as may be required by either party.
On the 5th of September 1827, the auditor returned and filed his report of sundry statements made according to the nature of the case and as required by the parties. To this report both parties excepted, and the case was thus again brought before the court.
4th October, 1827. — Bland, Chancellor. — The matter of the petitions filed in this case by Marriott and Shipley, and by Vansant with that of Stockett and wife in opposition thereto standing ready *415 for hearing, and the solicitors of the parties having been heard, the proceedings were read and considered.
Any further sale of the real estate of the late Basil Brown to satisfy the claims of Marriott, Shipley, and Vansant, is opposed by Stockett and wife on several grounds.
First, they rely upon the lapse of time as affording a presumption, that those claims were either satisfied or abandoned. But the fact, that these claimants were infants, and have but lately attained their full age, furnishes-a satisfactory answer to this objection.
Secondly, they allege, that the personal estate of the late Basil Brown, in the hands of his administrators was amply sufficient to satisfy these claims and ought to have been-so applied; and that these claimants cannot be allowed to proceed against his real estate until the personalty has been exhausted. This objection, if it had been sustained by the fact, would have been conclusive against the passing of the decree for the sale of his real estate. But, it is now entirely too late to make such an objection, after a decree expressly grounded upon an admitted or established allegation of the insufficiency of the personal estate to pay all the debts of the deceased. After such a decree no creditor, who may in all other respects be entitled to come in, can be turned away from proceeding against the real estate to seek payment out of the personal estate of his deceased debtor.
A third objection is, that these claimants should not be permitted to come in as creditors against the estate of the late Basil Brown ; because, although he sold, he did not receive payment for the whole of the estate of the late William Hammond; and these claimants can only be considered as creditors of Basil Brown upon the ground, that he received those proceeds, a portion of which had been allotted to each of them. And it is also alleged, that a part of those proceeds were collected by Matthias Hammond, one of the administrators of Brown, after his death. .
It has been the practice of the court to allow a trustee to make the sale in a manner, ajad upon terms different from those specified in the decree, where the interests of the parties appear to be in no way injured by doing so. And those concerned being always notified to shew cause, if any they have, why the sale should not be ratified, it has been found, that much good and no material injury has arisen by sanctioning deviations to this extent by trustees. The trustee is always directed by a decree, authorizing a sale upon credit, to bring into court the bonds or notes taken by him to secure *416 the payment of the purchase money. And this he should never fail to do, if it be not attended with much inconvenience, where the credit is long; because he thereby relieves himself from any responsibility by holding them; and enables the court, in those cases where any of the parties, may and choose to take the bonds in satisfaction of their claims, to have them, at once assigned and delivered oyer to them; and thus immediately to put an end to the suit. But for the purpose of enabling the trustee to collect the money, when^it becomes due, it has been usual, and found convenient to allow him to retain the bonds and notes in his own possession. They are, however, so held by him at his own risk.
But the court has never been .informed by the trustee Basil Brown, what became of the purchase money arising from the sales made by him. He has brought none of it into court; nor has he brought in any one of the bonds taken by him for securing its payment, except that of Duvall’s, the amount of which, it appears, he himself afterwards received; and yet the whole amount of all the purchase money became due long before Brown’s death.
It must be presumed, therefore, in this, as in all similar cases, where a trustee or agent undertakes and binds himself to collect money, or to bring into court those 'vouchers, by means whereof it may appear whether he has collected it or not, and fails to do so, that the money has actually been collected by him, and he must be charged with it; unless he can satisfactorily shew, that it had not come to his hands, or been applied to his use. The greatest inconvenience and the most serious evils would arise, if trustees, appointed by this court, were not held strictly accountable for the bonds taken, and money received by them. They undertake to perform duties of much importance, and to become the executive agents of the court; and therefore must be rigidly held to a faithful discharge, of the trust reposed in them, in all that relates to the receipt of money, or the securities taken by them for its payment, (c)
As the late Basil Brown might and ought to have collected the whole amount of the purchase money, it must be presumed that he did so; and consequently he must be held liable for the whole amount; unless his representatives shew, that without his default, it was not received by him, or that it did not come to the use of him or his estate. This they have failed to do. His estate, there *417 fore, must be charged with the whole amount of the proceeds of the sales made and reported by him.
But although a negligent or unfaithful trustee may be thus held liable for the whole amount of any money which he undertook and became bound to collect, and of which he has failed to give any account whatever; yet the' court, by holding him liable, would not be understood as thereby, in any case, exonerating any purchaser, surety, oí other person, or subject, from any liability or lien that might have been enforced for the recovery of the same money. The party interested may, in the first instance, obtain satisfaction from such security ; or the delinquent trustee may be first made to pay, and be then left to take the place of the claimant, and, so far as in equity he may be permitted to do so, to seek'relief from others as he can.
Upon these principles, therefore, it is Ordered, that the exceptions of Eli Marriott and others, are sustained, and that of Stockett and wife is rejected. And the auditor’s report, and statements No. 1, 2, 3, and 4, are approved; and the statements No. 5, 6, and 7, are rejected. And it'is further Ordered, that the trustee, Nicholas Brewer, jun’r, forthwith proceed to make sale of the real estate of the late Basil Brown,, as directed by the orders of the 6th of July, 1828, and of the 8th of March, 1827.
On the 20th of March, 1828, Resin Hammond, the displaced trustee, filed his petition, in which he states, that being the executor of Matthias Hammond, who was administrator of Basil Brown, and trustee for the sale of the real estate of Basil Brown, he had paid to Eli Marriott the sum of $138, in part satisfaction of his claim against the estate of the late Basil Brown, to the amount of which he claims to be considered as the equitable assignee of Eli Marriott ; and prays that the present trustee may be ordered to pay the amount to him out of the share awarded to Marriott. This petition was submitted without argument.
24th March, 1828. — Bland, Chancellor. — At no period, and in no part of all these proceedings does it appear, nor has it before been even intimated, that this petitioner had any such claim as that now set up by him; or any claim whatever against Eli Marriott. It does not very distinctly appear, whether the petitioner claims in his own right, or in his representative character of executor. But in either way, if the claim has any real existence whatever, it is a mere legal one; it has not a shadow of equity about it.. It is for *418 money lent and advanced to Marriott, for which the petitioner may sue at law. But this delinquent agent of the court, after having been removed, now asks to have the sum he alleges he has paid Marriott, allowed as a payment made while he was trustee, without any authority, or even pretext of authority, from this court. Most certainly it cannot be allowed to him as a payment made as trustee. The petitioner takes another ground, which is, that he may be considered as an equitable assignee. But if he who had paid money, as set forth in the petition, could be let in as an equitable assignee, then all the'other creditors of Marriott must be allowed to come in upon the same terms. But that could never be permitted. Whereupon it is Ordered, that the petition be dismissed with costs.
A sale having been made by the trustee, and ratified by the court, the auditor reported a distribution of the proceeds among the claimants, which was ratified on the 22d September, 1828, and the trustee- directed to apply the proceeds accordingly, and the case thus finally closed.

 Bennett v. Hamill, 2 Scho. & Lefr. 566.